[Cite as *Bank of Am., N.A. v. Goetz*, 2020-Ohio-3751.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Bank of America, N.A.                                    Court of Appeals No. OT-19-027

    Appellant                                         Trial Court No. CVF 1800315

v.

Rick L. Goetz                                           **DECISION AND JUDGMENT**

    Appellee                                          Decided: July 17, 2020

* * * * *

Yale R. Levy and Sean M. Winters, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Bank of America, N.A. ("BANA") appeals the June 28, 2019 judgment of the Ottawa County Municipal Court, which found that BANA failed to prove damages following default judgment against appellee, Rick L. Goetz. For the reasons set forth below, we reverse, in part, and affirm, in part, the judgment of the trial court.

## I. Background

{¶ 2} On May 24, 2018, BANA filed a complaint against Goetz, alleging that he defaulted on a credit card account. BANA attached six years of monthly credit card

statements to its complaint. The final statement, dated September 22, 2015, reflects a final balance of $4,146.47, including interest and fees.

{¶ 3} Goetz was served with a summons and a copy of the complaint on May 30, 2018, but failed to respond. BANA filed a motion for default judgment on August 9, 2018. The trial court granted BANA's motion on August 13, 2018, but awarded only $236.45 in damages.

{¶ 4} BANA appealed, arguing that Goetz's failure to respond resulted in an admission that he owed the full amount of damages alleged in the complaint—i.e., $4,146.47—and that the trial court therefore abused its discretion by failing to award the full amount. In *Bank of America, N.A. v. Goetz*, 6th Dist. Ottawa No. OT-18-033, 2019-Ohio-2042 (*Goetz I*), we affirmed default judgment as to Goetz's liability, but nonetheless remanded the matter for additional proceedings because the trial court failed to conduct a hearing on damages.

{¶ 5} On remand, the trial court held a damages hearing on June 24, 2019. Goetz did not appear at the hearing. Through the testimony of its record custodian, BANA introduced the following documents to support its claim that Goetz owes a total of $4,146.47 in credit card debt: (1) a credit card statement issued to Goetz on February 18, 2006, which reflects a beginning balance of $0, (2) Goetz's credit card statements dated July 2007 through September 2015, and (3) various "Changes in Terms," which were mailed to Goetz and reflect amendments to the original terms and conditions of Goetz's

2.

cardholder agreement. BANA did not, however, introduce the original cardholder agreement with Goetz.

{¶ 6} On July 3, 2019, the trial court entered its judgment. The trial court determined that BANA failed to prove any damages. This appeal followed.

{¶ 7} BANA has assigned the following errors for our review:

1. The Trial Court erred when it re-visited the issue of liability which had already been determined by this Court.

2. The Trial Court abused its discretion by ignoring the manifest weight of evidence regarding damages.

## II. Law and Analysis

### A. The trial court did not revisit the issue of liability.

{¶ 8} In its first assignment of error, BANA argues that the trial court improperly revisited the issue of Goetz's liability on remand, even though this court had already "affirm[ed] the default judgment against appellee * * *" in its prior appeal. *Goetz* at ¶ 12.

{¶ 9} Although "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading" under Civ. R. 8(D), a plaintiff must nonetheless prove damages after securing a default judgment pursuant to Civ.R. 55(A). That rule provides:

If, in order to enable the court to enter judgment or to carry it into effect, it

is necessary to take an account or to determine the amount of damages or to

establish the truth of any averment by evidence or to make an investigation

3.

of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

"Thus, even though a party defaults and admits the allegations of the complaint, the plaintiff must still establish his damages." *Reinbolt v. Kern*, 183 Ohio App.3d 287, 2009-Ohio-3492, 916 N.E.2d 1100, ¶ 27 (6th Dist.), citing *Turner v. Progressive Ins. Co.*, 5th Dist. No 2007 CA 015, 2008-Ohio-4988, ¶ 26; *McIntosh v. Willis*, 12th Dist. No. CA2004-03-076, 2005-Ohio-1925. Therefore, a trial court's inquiry into the proper amount of damages is separate from establishing liability through the default judgment. *Id.*

{¶ 10} Here, after the damages hearing, the trial court determined that BANA failed to present "credible evidence" of the following "facts" that the trial court deemed necessary to establish BANA's damages:

1. The written contract allegedly entered into between the Plaintiff and Rick L. Goetz;

2. Personal identifiers connecting the person served with the instant complaint to the alleged credit card contract;

3. Any purchases made at any time with Plaintiff's credit card by the individual served herein;

4. Payments made by Plaintiff to any named entity on its billings, on behalf of the individual served herein;

5. Any evidence of the terms and conditions of Plaintiff's credit card agreement as to payment terms and conditions, interest rate(s), late payment or any other fees allegedly due and owing, and/or the right by plaintiff to unilaterally change the terms and conditions of any alleged agreement (ie-Exhibit B);

6. No evidence of any payments allegedly made by the individual served herein for purchases allegedly made by this individual with Plaintiff's credit card; and

7. Any outstanding balance owed to Plaintiff by the person served herein.

{¶ 11} After making these factual findings, the trial court concluded that BANA therefore "failed to present any evidence of monetary damages owed to it by the individual served with the complaint herein." On appeal, BANA argues that the trial court "exceed[ed] the bounds of its authority on remand" by making these seven factual findings because "they *all* improperly re-visit Mr. Goetz's liability on the Credit Account."

{¶ 12} While we agree with BANA that Goetz's liability has been established through the default judgment that was affirmed on appeal, we do not believe that the trial court improperly revisited the issue of Goetz's liability on remand. Our review of the trial court's factual findings—without regard to whether those findings were made in error— shows that each of the seven factual findings are tailored to the elements that

5.

BANA must establish to prove *damages*. Moreover, the trial court's ultimate judgment expressly limited its conclusion to BANA's failure to establish "any evidence of monetary damages owed to it[.]"

{¶ 13} For these reasons, we find BANA's first assignment of error not well-taken.

**B. The trial court's failure to award any damages was an abuse of discretion.**

{¶ 14} BANA's second assignment of error argues that the trial court's award of $0 in damages was an abuse of discretion. "Because the award of damages is a discretionary matter, we will not reverse a trial court's decision regarding its determination of damages absent a showing that the trial court abused its discretion." *Id.* at ¶ 38, citing *Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 364, 665 N.E.2d 664 (1996). "An abuse of discretion occurs only if the court renders an unreasonable, arbitrary, or unconscionable judgment." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} A suit concerning a credit card balance constitutes an action on an account. *Capital One Bank, N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, ¶ 28. An action on an account is unique in that it is "merely a pleading device used to consolidate several different claims one party has against another." *Id.* at ¶ 29. The amount in dispute, then, is established by showing the necessary elements of a contract action plus records reflecting (1) a beginning balance, (2) listed items representing

6.

charges, or debits, or credits, and (3) a summarization or running balance which permits the calculation of the amount claimed to be due. *Id.* at ¶ 30-33.

{¶ 16} At the damages hearing, BANA's Operations Consultant, Bruce Van Kleeck, testified as its record custodian. Mr. Van Kleeck authenticated the monthly credit card statements that BANA issued to Goetz. The first monthly statement, dated February 18, 2006, reflects a beginning account balance of $0. The final statement, dated September 22, 2015, reflects a final balance of $4,146.47. Mr. Van Kleeck also authenticated several separate amendments to BANA's original cardholder agreement, dated between June 2010 and August 2015, which indicate various changes to the interest rate on the account. Mr. Van Kleeck testified that BANA mailed such amendments to all cardholders in the ordinary course of its business, and that the amendments were mailed to Goetz at the same address as the monthly statements.[1]

{¶ 17} On appeal, BANA argues these documents prove that it suffered $4,146.47 in damages, which represents the sum total of Goetz's credit card charges plus interest and fees. BANA claims that the trial court therefore abused its discretion when it found that BANA failed to present any "credible evidence" that Goetz is contractually liable to BANA for this credit card debt. We agree, in part.

---

[1] The trial court's judgment found the witness was competent to testify as to the authenticity of the records and accepted the records as those kept in the ordinary course of business as described in Evid.R. 803(6).

7.

{¶ 18} We agree with BANA that the trial court abused its discretion when it concluded that BANA did not establish a contract with Goetz because it did not present the original cardholder agreement at the hearing. When the balance of a credit card is in dispute, submission of a signed cardholder agreement is not the only basis by which the issuing bank is able to show an enforceable agreement. In *Taylor v. First Resolution Investment Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, 72 N.E.3d 573, ¶ 50, citing *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493, 579 N.E.2d 284 (10th Dist.1989), the Ohio Supreme Court recognized that "[c]redit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." That agreement requires the cardholder to repay charges made on the account. *Bank One* at 493-494. This is true even in instances where the underlying written agreement is not introduced as evidence at trial. *Id.*

{¶ 19} Here, Mr. Van Kleeck testified that BANA opened a credit account for Goetz on March 20, 2004. He also testified that charges had been made on the account throughout the duration of its existence. Mr. Van Kleeck also testified as to the accuracy of the monthly statements BANA introduced and indicated that those statements were mailed to Goetz on a monthly basis. From this testimony and the documents that were introduced into evidence, it is clear that BANA issued a credit card and that Goetz made charges on that card. Under *Taylor*, this is sufficient to show a binding agreement between the parties that obligates Goetz to repay those charges. The trial court's finding to the contrary was an abuse of discretion.

8.

{¶ 20} In addition, most of the other "facts" that the trial court found to be lacking are readily established by the documents that BANA submitted at the hearing. Specifically, the credit card statements reference Goetz as the holder of the account. The statements also reflect purchases made on the account and payments made to the entities identified in the statements. The statements also show payments made on the account and the outstanding final balance on the account. Accordingly, we find that the trial court abused its discretion when it found that BANA failed to establish these facts at the damages hearing.

{¶ 21} But, the trial court *did not* abuse its discretion when it concluded that BANA could not recover damages for any contractual interest, fees, or penalties because it did not produce a written contract with Goetz. We addressed a similar situation in *Capital One Bank, N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931. In *Heidebrink,* Capital One requested the trial court enter damages in the amount identified in the account's final balance which included interest accrued at the contractual rate and both transaction fee and late fees. *Id.* at ¶ 35. Rather than award the full amount requested, the trial court awarded Capital One the balance on the account at the time it began to accrue late fees, but excised those late fees from its calculation of damages. *Id.* at ¶ 20. The trial court also limited the card issuer's interest rate to the statutory rate established in R.C. 1343.03(A). *Id.* Capital One appealed.

{¶ 22} On appeal, we held that Capital One was limited to the statutory interest rate established in R.C. 1343.03(A) absent a written contract reflecting an agreed upon

9.

rate that exceeds that statutory rate. *Id.* R.C. 1343.03(A) states "when money becomes due and payable * * * upon any book account * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47, *unless a written contract provides a different rate of interest to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.*" (Emphasis added). Capital One argued that because the statements delivered to Heidebrink included the interest rates exceeding the statutory rate that it had satisfied the requirement that the contractual rate be in writing. We held that the mere delivery of a monthly statement with the new interest rate without objection from the cardholder did not show that the cardholder assented to the contractual interest rate. *Id.* at ¶ 43. For this reason, we affirmed the trial court's use of the statutory interest rate in its damage calculations. *Id.* We also held that the trial court did not abuse its discretion when it excluded fees from its damage calculation since there was no evidence showing that Heidebrink assented to the payment of those fees. *Id.* at ¶ 44.

{¶ 23} Similarly here, although Goetz's monthly statements reflect interest rates ranging from 6.99 percent to 24.99 percent, as well as various transaction fees, late fees, and penalties that were incurred due to late payments and non-payments, BANA failed to submit a written contract to demonstrate that Goetz agreed to a contractual interest rate exceeding the statutory rate under R.C. 1343.03(A), or that Goetz agreed to any of these other fees and penalties. Although BANA proved that it mailed "amended" terms and conditions to Goetz, BANA did not establish that Goetz agreed, in writing, to *any* terms

10.

and conditions beyond his agreement to repay the charges that were made on his account. *See Taylor,* 148 Ohio St.3d 627, 2016-Ohio-3444, 72 N.E.3d 573, at ¶ 50. *See also Discover Bank C/O DFS Servs. LLC v. Lammers*, 2d Dist. Greene No. 08-CA-85, 2009-Ohio-3516, ¶ 42 (holding that the use of a credit card following the delivery of a new agreement to which the holder did not assent is not sufficient to amend the terms of the original agreement or establish a new contract with the cardholder). For these reasons, trial court did not abuse its discretion when it concluded that BANA failed to establish that it is entitled to a damages award against Goetz that includes contractual interest, penalties, and fees.

{¶ 24} Accordingly, we find appellant's second assignment of error well-taken, in part, and not well-taken, in part. The trial court abused its discretion when it concluded that BANA failed to prove the existence of an enforceable agreement with Goetz. BANA established an enforceable contract with Goetz through its issuance of a credit card to him and his subsequent use of that card. But, the trial court did not abuse its discretion when it concluded that BANA did not present any credible evidence to show that it is entitled to contractual interest, penalties, and fees against Goetz. That is, BANA did not present a written contract with Goetz under which Goetz agreed to pay any fees, penalties, or a contractual interest rate that exceeds the statutory rate under R.C. 1343.03(A).

### III. Conclusion

{¶ 25} In sum, we find BANA's first assignment of error not well-taken. We find BANA's second assignment of error well-taken, in part, and reverse the trial court's

judgment to the extent that it concluded that BANA failed to establish damages related to Goetz's obligation to repay charges that were made on his credit account. We find BANA's second assignment of error not well-taken, in part, and affirm the trial court's judgment to the extent that the trial court concluded that BANA failed to establish a contractual interest rate and fees as part of its claimed damages.

{¶ 26} We remand this matter for further proceedings, and instruct the trial court to determine a damages award consisting of the amount of credit card charges that Goetz must repay at the statutory interest rate of R.C. 1343.03(A), and excluding any contractual interest charges, penalties, or fees. The parties are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment reversed, in part,<br>
affirmed in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

12.