RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0197p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

BETTY WALLACE,

                    *Plaintiff-Appellant*,

       *v.*

WASHINGTON MUTUAL BANK, F.A.; WELLS
FARGO BANK N.A.,

                    *Defendants*,

LERNER, SAMPSON & ROTHFUSS,

                    *Defendant-Appellee*.

No. 10-3694

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:09-cv-481—Sandra S. Beckwith, District Judge.

Decided and Filed:  June 26, 2012

Before: MERRITT and MOORE, Circuit Judges; MAYS, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Andrew M. Engel, Moraine, Ohio, for Appellant.  Rick D. DeBlasis, Kimberlee S. Rohr, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellee.

_____

**OPINION**

_____

    MERRITT, Circuit Judge.  Washington Mutual foreclosed on property before receiving an assignment and transfer of the promissory note and the delinquent home mortgage and before recording it in the Warren County, Ohio, Recorder's Office.

_____

[*] The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

Because Washington Mutual did not own the mortgage, the homeowner and mortgagor, plaintiff Betty Wallace, brought a lawsuit for an allegedly false claim of ownership under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, against the law firm of Lerner, Sampson and Rothfuss, acting for the purported mortgagee, Washington Mutual, in the foreclosure action.[1]  Plaintiff claims that defendant law firm violated the Act, the Ohio Consumer Sales Practices Act, and intentionally inflicted emotional distress on her under Ohio law when the foreclosure action was filed against her claiming that Washington Mutual was the holder of her mortgage, a fact plaintiff alleges was completely false at the time of the foreclosure filing because, as stated above, the mortgage had not been assigned or recorded at that time.   The district court dismissed her complaint under Federal Rule of Civil Procedure 12(b)(6), finding that she did not state a claim under the Act.  The district court then declined to exercise supplemental jurisdiction as to the state claims.  The relevant portions of the complaint at issue are as follows:

> 11. On information and belief, at some point after April 2008, Wells Fargo sold or transferred the note and mortgage to WaMu.  Although it transferred its ownership interest in the note and mortgage, Wells Fargo still serviced the loan on behalf of WaMu.  This meant that Wells Fargo collected the payments and provided other services in managing the mortgage loan.  It also made all decisions regarding the collection of the note and enforcement of WaMu's rights under the mortgage.  At all times after the transfer of ownership of the note and mortgage, Wells Fargo acted as WaMu's agent with respect to the Plaintiff's loan.

---

[1]15 U.S.C. § 1692e states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .

(2) The false representation of--

> (A) the character, amount, or legal status of any debt; or

. . .

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff does not specify in her complaint which subsection of Section 1692e she is invoking, but we have included here the only two subsections relevant to her claim.

The complaint then alleged that the law firm filed a foreclosure action containing false assertions when it claimed that Washington Mutual was the owner:

> 12. On July 11, 2008, WaMu, through its attorney, LSR, and based on the decision of Wells Fargo, instituted the Foreclosure Case. *In the Complaint, WaMu asserted that it was the holder of the note. That assertion was false when made. It also asserted that the mortgage had been assigned to it and that it was the holder of the mortgage. Those assertions were false when made.* The mortgage was actually assigned by Wells Fargo to WaMu on August 14, 2008 by an instrument recorded at Book 4731, Page 91 [sic – the actual page is 90] of the Warren County, Ohio Recorder's Office. At the time the Complaint was filed in the foreclosure case, all defendants knew that WaMu was not the holder of the note; that WaMu was not the holder of the mortgage; and that the mortgage had not been assigned to WaMu.

Complaint at ¶¶ 11-12 (emphasis added) (R. 2).

Plaintiff also sued other entities at the same time, but appealed the decision below only as to defendant law firm Lerner, Sampson & Rothfuss. Lerner, Sampson does not dispute that it is a "debt collector" under the Act. Plaintiff does not pursue her original claims against Washington Mutual and Wells Fargo on appeal. She appeals only the dismissal of Count III of her complaint, the claim that alleged that the law firm used "false, deceptive or misleading representations" in connection with the collection of any debt in violation of 15 U.S.C. § 1692e.

**I.**

For purposes of the motion to dismiss the complaint, we take the following facts as true. In 1999, plaintiff purchased a home in Waynesville, Ohio, with a mortgage originating with Norwest Mortgage. Plaintiff signed a promissory note in the amount of $66,000 and gave a mortgage to Norwest to secure the note. Norwest and Wells Fargo later merged and plaintiff began making her payments to Wells Fargo. In March or April 2008, Wells Fargo notified plaintiff that she was delinquent on her mortgage, although she was not yet delinquent at that time. Complaint at ¶ 10. (R.2). On August 14, 2008, Wells Fargo transferred and recorded the note and the delinquent mortgage to Washington Mutual. On July 11, 2008, more than a month before the transfer and assignment, Washington Mutual, through its attorneys, Lerner,

Sampson & Rothfuss, filed a foreclosure action against plaintiff in the Warren County Court of Common Pleas in Ohio, asserting that Washington Mutual was the holder of the note and the mortgage.

The problem in this case arises from the fact that the recordation and transfer of ownership of the note and mortgage to Washington Mutual did not occur until August 14, 2008, a little more than a month after Washington Mutual filed the foreclosure action asserting that it owned the mortgage. An Ohio appellate court has so found. *Washington Mutual Bank, N.A. v. Wallace*, 194 Ohio App. 3d 549, 559, 2011-Ohio-4174, 957 N.E.2d 92, 99 (Ohio Ct. App.) ("[I]t is undisputed that [Washington Mutual] became the real party in interest in the foreclosure action 34 days later on August 14, 2008, when . . . Wells Fargo executed a written assignment of Wallace's note and mortgage to [Washington Mutual]".), *appeal allowed by* 130 Ohio St. 3d 1493, 2011-Ohio-6556, 958 N.E.2d 956 (2011) (briefing stayed pending resolution of *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 194 Ohio App. 3d 644, 2011-Ohio-2681, 957 N.E.2d 790 (Ohio Ct. App.), *motion to certify and appeal allowed by* 129 Ohio St. 3d 1488, 2011-Ohio-5129, 954 N.E.2d 661 (Ohio Oct. 5, 2011)). Plaintiff did not respond to the foreclosure notice, and a default judgment was entered against her on August 20, 2008. A sheriff's auction of her home was scheduled for December 8, 2008. When plaintiff learned of the sale, she contacted Lerner, Sampson and tried to arrange to pay off the loan. When her attempts to work out the loan were unsuccessful, plaintiff contacted Pro Seniors, an organization that provides free legal services to senior citizens. She was able to get the sale postponed. On December 15, 2008, defendants petitioned the state court to set another sale date, which it did for late February or early March 2009. It appears from the docket sheet in the foreclosure action that plaintiff's home has since been sold at auction. Journal Entry Confirming Sale in *Washington Mutual Bank v. Wallace*, 08-cv-71941 (Warren Cnty. [Ohio] Ct. of Common Pleas Jan. 24, 2011) (found at http://www.co.warren.oh.us/clerkofcourt/search).

Plaintiff filed her complaint in this action in July 2009, alleging that Lerner, Sampson and the banks violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, as well as the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.*, when Lerner, Sampson filed the foreclosure complaint against plaintiff in state court on behalf of Washington

Mutual. The district court found that plaintiff failed to state a claim under the Fair Debt Collection Practices Act because the failure to record an Assignment of Mortgage before filing a foreclosure action is not a deceptive practice under the Act. The single issue before us is whether the filing of foreclosure action by the law firm claiming ownership of the mortgage by its client Washington Mutual constitutes a "false, deceptive or misleading representation" under the Fair Debt Collection Practices Act when the bank has not received a transfer of the ownership documents. We hold that the complaint states a valid claim and reverse the dismissal of the case.

**II**.

The Fair Debt Collection Practices Act prohibits a debt collector from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692k of the statute allows the consumer to recover statutory or actual damages for violations of the Act. In order to establish a claim under § 1692e: (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arises out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions. *Whittiker v. Deutsche Bank Nat'l Trust Co*., 605 F. Supp. 2d 914, 926 (N.D. Ohio 2007). Only the fourth element is at issue.

Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006). In addition, in applying this standard, we have also held that a statement must be *materially* false or misleading to violate Section 1692e. *See Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596–97 (6th Cir. 2009) (applying a materiality standard to a Section 1692e claim that was based on alleged misstatements in legal pleadings). The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer.

Plaintiff alleges that the statement in the foreclosure complaint that Lerner, Sampson filed against her on behalf of Washington Mutual contained the false statement that Washington Mutual was the holder of her mortgage. District courts have decided, and we agree, that a clearly false representation of the creditor's name may constitute a "false representation . . . to collect or attempt to collect any debt" under Section 1692e. *Hepsen v. J.C. Christensen and Assocs., Inc.*, No. 8:07-CV-1935-T-EAJ, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009) (imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the Act); *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *15 (E.D. Wis. Mar. 27, 2007) (same). Lerner, Sampson does not dispute that the foreclosure complaint identifies Washington Mutual as the actual holder of plaintiff's mortgage, but claims that Ohio law permits Washington Mutual to anticipate that it would become the title holder after the foreclosure action was initiated but before it becomes final. We disagree that the issue of standing in Ohio, even if resolved in Lerner, Sampson's favor, has any bearing on whether misidentifying a creditor is materially misleading under the Fair Debt Collection Practices Act.[1]

Plaintiff alleges that identifying Washington Mutual as the holder of the note caused her confusion and delay in trying to contact the proper party concerning payment on her loan and resolution of the problem. She alleges that she called Washington Mutual, the purported owner

---

[1]The Ohio Supreme Court allowed an appeal and stayed briefing in plaintiff's state case against Washington Mutual, *Wallace v. Wash. Mut. Bank, N.A.,* 130 Ohio St. 3d 1493, 2011-Ohio-6556, 958 N.E.2d 956 (Dec. 21, 2011), pending resolution of *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 194 Ohio App. 3d 644, 2011-Ohio-2681, 957 N.E.2d 790 (Ohio Ct. App.), *motion to certify and appeal allowed by* 129 Ohio St. 3d 1488, 2011-Ohio-5129, 954 N.E.2d 661 (Ohio Oct. 5, 2011) (Consolidating cases and certifying a conflict in the Ohio appellate courts on the issue of whether in order to have standing as a plaintiff in a mortgage foreclosure action, a party must show that it owned the note and the mortgage when the complaint was filed.). Should the Ohio courts decide that a potential mortgagee may anticipate transfer of the note and mortgage and bring valid foreclosure proceedings in advance, the district court will have to decide the impact of such a holding on Wallace's claim for damages under the Fair Debt Collection Practices Act. We do not agree, however, with the district courts of this Circuit that have treated the debate in Ohio over standing to bring a foreclosure action as dispositive of whether a statement was materially misleading under the Act. *See*, *e.g.*, *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 930-31 (N.D. Ohio 2009); *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08cv408, 2010 WL 1133452, at *7 (S.D. Ohio Mar. 22, 2010). Certainly, should the Ohio courts decide that Washington Mutual did not have standing to bring the foreclosure action in the first place, the materiality of the false statement of ownership would be patent. However, even if Ohio holds the opposite, the Act protects the unsophisticated consumer from false statements tending to mislead or confuse—whether Washington Mutual may ultimately succeed in an Ohio court in its foreclosure action has no bearing on whether the initial false statements misled Wallace. The issue arises in the shadow of the recent subprime mortgage crises in which financial institutions are charged with encouraging reckless lending standards and rapid transfer and sale of subprime mortgages so as to profit from the mass securitization and sale of the mortgages.

of the mortgage, to try to obtain information about her home loan and was told she had to have a ten-digit account number for her loan, not the account number she had from Wells Fargo. Plaintiff also alleges that her daughter ultimately contacted an attorney, as well as the Ohio Attorney General's Office, in an attempt to stop the sale of plaintiff's home and get the loan reinstated. Complaint at ¶ 15. Given these allegations, plaintiff has sufficiently alleged a material misrepresentation that would confuse or mislead an unsophisticated consumer. By reversing the district court on the Rule 12(b)(6) motion, we, of course, do not make any findings about the merits of plaintiff's claim under the Act or any defenses that may be raised by Lerner, Sampson. We hold only that plaintiff has alleged sufficient facts to survive a motion for dismissal on the pleadings.

For the foregoing reasons, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.