NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0436n.06

No. 14-2303

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 10, 2015
DEBORAH S. HUNT, Clerk

LARRY DUFFEY; DIANNE DUFFEY,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiffs-Appellants,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀On Appeal from the United States
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀District Court for the Eastern
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀District of Michigan
NATIONSTAR MORTGAGE;⠀⠀⠀⠀⠀⠀)
DEUTSCHE BANK NATIONAL TRUST⠀⠀)
COMPANY, as Trustee for Harborview⠀⠀)
Mortgage Loan Trust Mortgage Loan⠀⠀⠀)
Pass-Through Certificates, Series 2006-9,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants-Appellees.⠀⠀⠀⠀⠀⠀)
_____/

**Before: GUY, BATCHELDER, and GIBBONS, Circuit Judges.**

**RALPH B. GUY, JR. Circuit Judge.** Plaintiffs, Larry and Dianne Duffey, sued

defendants, Nationstar Mortgage and Deutsche Bank National Trust Company, claiming

they wrongfully foreclosed on the Duffeys' home. Nationstar and Deutsche Bank filed a

motion to dismiss, which the district court granted. The Duffeys appeal that order. For

the following reasons, we **AFFIRM**.

**I.**

In 2010, Larry Duffey defaulted on his home mortgage. In 2013, Deutsche Bank, the holder of that mortgage, began foreclosure proceedings. At that time, Bank of America, N.A. was servicing the loan, although that role was in the process of being transferred to Nationstar.

The law office of Fabrizio & Brook, P.C., counsel for both Deutsche Bank and Bank of America, mailed notice to Larry Duffey in June 2013, in accordance with M.C.L. § 600.3205a, notifying him of certain rights he had in relation to the foreclosure proceedings including his right to request loan modification.[1] The notice incorrectly listed Deutsche Bank as the loan servicer instead of Bank of America. The letter correctly listed Fabrizio and Brook, P.C. as counsel for both Bank of America and Deutsche Bank, and gave the correct information to contact that firm.

Duffey never contacted the firm and his home was sold at a sheriff sale on October 3, 2013. Duffey failed to redeem the property within the six-month redemption period. The Duffeys filed the present lawsuit against Deutsche Bank and Nationstar on April 9, 2014, claiming that the defendants improperly foreclosed on their home due mainly to the failure to properly identify the loan servicer as Bank of America in the June 2013 notice. The Duffeys also sought equitable relief in the form of having the sheriff's deed set aside.

Deutsche Bank and Nationstar filed a motion to dismiss, which the district court granted. The Duffeys filed this timely appeal. We address each of their arguments in

---

[1] M.C.L. § 600.3205a was repealed effective June 30, 2013. Neither party argues that this affects the outcome of this appeal.

turn.

## II.

We review the district court order granting defendants' motion to dismiss de novo. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358 (6th Cir. 2013). "Following [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)] and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], it is well settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citations omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III.

### A.      M.C.L. § 600.3204(1)(d)

The Duffeys claim that the defendants failed to satisfy M.C.L. § 600.3204(1)(d) because the June 2013 notice misidentified Deutsche Bank as the loan servicer. Section 600.3204(1)(d) allows a party to foreclose a mortgage through advertisement if the party meets certain requirements including that the party "is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."

To set aside a foreclosure sale for failure to comply with M.C.L. § 600.3204, however, "plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they

would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (2012). The district court noted that the Duffeys failed to allege that the error in the June 2013 notice prejudiced them given that the contact information in such notice was correct – Fabrizio & Brook represented both Bank of America (the loan servicer) and Deutsche Bank (the creditor).

On appeal, the Duffeys claim that they were prejudiced because: (1) the original loan was a predatory loan that targeted African-Americans; (2) the servicer changed during the foreclosure process; and (3) the Michigan foreclosure process, generally, does not result in many loan modifications. None of the claims of prejudice relates to the alleged failure to comply with M.C.L. § 600.3204. Thus, even assuming that the error in the June 2013 notice constituted a failure to comply with M.C.L. § 600.3204(1)(d) – a question we do not reach – the Duffeys' claimed prejudice is insufficient under *Kim* to set aside the sale.

**B.    M.C.L. § 339.915(e)**

The Duffeys' next claim is that the defendants violated M.C.L. § 339.915(e) of the Michigan Occupational Code (MOC), which prohibits licensed collection agencies from "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication" with a debtor. The district court dismissed the Duffeys' claim ruling that because the defendants did not meet the definition of a "collection agency" under M.C.L. § 339.901, the MOC did not apply to them.

The Duffeys argue, without reference to the pleadings or any authority, that the defendants are collection agencies and subject to the MOC. The argument is both conclusory and undeveloped, and we will not consider it on appeal. *See Gen. Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 441 (6th Cir. 2002).

The Duffeys also make a passing argument that the defendants are collection agencies because at the bottom of the June 2013 notice from Fabrizio & Brook, there was the following statement: "FABRIZIO & BROOK, P.C. IS THE CREDITOR'S ATTORNEY AND IS ATTEMPTING TO COLLECT A DEBT ON ITS BEHALF . . . ." This statement does not transform the defendants into collection agencies under the MOC; if anything, the letter makes clear that the defendants are the *creditors* and Fabrizio & Brook is the *collector.*

## C.    M.C.L. § 445.252

The Duffeys also claim that the defendants violated M.C.L. § 445.252(e), which regulates collection practices in Michigan.[2] That provision prohibits "regulated person[s]" from, "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt . . . ." The district court dismissed the Duffeys' claim under the statute because the Duffeys failed to plead a causal link between the alleged misrepresentation in the June 2013 notice and their alleged harm, which the court deemed was required, citing *Hewitt v. Bank of America N.A.*, 1:13-CV-310, 2013 WL 3490668, *7 (W.D. Mich. July 11, 2013). *See also* M.C.L. § 445.257(1);

---

[2] Although the Duffeys did not specifically limit their claims under M.C.L. Chapter 445 to § 445.252(e), the district court construed their complaint as being limited to such subsection – a determination that they do not challenge on appeal.

*see also Bolone v. Wells Fargo Home Mortg., Inc.*, 858 F. Supp. 2d 825, 837 (E.D. Mich. 2012). The Duffeys do not challenge this conclusion on appeal. Instead, they argue that they have properly pleaded that defendants' misrepresentation was "willful" under the statute. Because the Duffeys fail to point to any error in the district court's order, we find none.

**D.      Fair Debt Collection Practices Act**

The Duffeys also claim that the error in the June 2013 notice violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692e. In its order of dismissal, the district court held that the defendants were "creditors" under the FDCPA, and not subject to the Act. We agree that the Duffeys' FDCPA claim should be dismissed but for a reason other than the reason given by the district court. *See Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (noting the rule that we may affirm a district court's grant of a motion to dismiss "on any ground supported by the record, even if it is different from the grounds relied on by the district court.").

The claim should be dismissed because the misstatement at issue is not a *materially* false or misleading statement, as required under the Act. Under the Act, debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (citing 15 U.S.C. § 1692e). We apply the "least sophisticated consumer" test to determine whether a debt collector's actions are false, deceptive, or misleading under 15 U.S.C. § 1692e. *Id.* To satisfy this standard, "we have

also held that a statement must be *materially* false or misleading to violate Section 1692e

. . . [which] simply means that in addition to being technically false, a statement would

tend to mislead or confuse the reasonable unsophisticated consumer." *Id.* at 326-27

(emphasis in the original).

The statement at issue here does not meet the "materially false" standard. In

*Wallace*, we held that "a clearly false representation of the *creditor's* name" constituted a

materially false statement where the plaintiff-mortgagor alleged that such representation

caused her to contact the wrong party, and otherwise caused her confusion and delay in

trying to cure her default. *Id.* at 327-28 (emphasis added). The statement at issue here

reads:

> Your mortgage is being serviced by DEUTSCHE BANK NATIONAL
> TRUST COMPANY . . . located at c/o FABRIZIO & BROOK, P.C., 888
> W. Big Beaver, Ste. 800, Troy, MI 48084 with a phone number of (248)
> 362-2600. Your servicer has designated Jonathan L. Engman, counsel for
> Bank of America as the person to contact regarding resolving your default.

Such language identifies the correct person to contact − a point the Duffeys do not

dispute. The notice correctly identifies Fabrizio & Brook as counsel for Bank of

America, the loan servicer at the time. And unlike the mortgagor in *Wallace*, the Duffeys

never claim that the misidentification caused them to contact the wrong party or

otherwise delay in acting. Because the statement at issue identifies the correct entity to

contact, and such entity represented both the creditor and the loan servicer, we hold that it

would not tend to mislead or confuse the reasonable unsophisticated consumer.

**E.      Equitable Relief**

The Duffeys also ask the court to exercise its equitable powers to set aside the sheriffs sale of the property.  The Duffeys argue that the court is empowered to grant such relief because the loan originator – Countrywide Mortgage – obtained the mortgage at issue through fraud and discrimination, and those acts should be imputed to Deutsche Bank.  The district court ruled that, as a matter of law, the alleged fraud and discrimination could not be imputed to the defendants, and equitable relief was therefore not available.  The Duffeys challenge this holding, arguing without reference to any authority, that Deutsche Bank was "an original participant in Countrywide's scheme to defraud America's African-American community and, as such, they are rightfully and properly [a] party to the original fraud."  This argument is without merit as it is both conclusory and undeveloped, and we will not consider it on appeal.  *See Gen. Star Nat. Ins. Co.*, 289 F.3d at 441.

**F.      Dower Rights**

The Duffeys originally claimed that the defendants violated Dianne Duffey's dower rights.  They have expressly abandoned this claim on appeal so we do not address it.

**AFFIRMED.**