**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0299n.06

No. 16-3540

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 30, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHRISTINE FORGUES, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | **OPINION** |
| **Defendant-Appellee.** | ) | |
| | ) | |

Before: BOGGS, SILER, and MOORE, Circuit Judges.

KAREN NELSON MOORE, Circuit Judge. This case arises from a dispute between Christine J. Forgues ("Forgues" or "Appellant") and Select Portfolio Servicing, Inc. ("SPS" or "Appellee"), the servicer of Forgues's mortgage loan. Forgues alleges numerous violations of both the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Most of Forgues's claims were dismissed upon a motion by SPS, and the remaining claims were disposed of on summary judgment. Forgues now appeals the district court's dismissal of certain of her FDCPA claims and the district court's entry of summary judgment on one FCRA claim. Specifically, Forgues raises five issues: (1) whether the district court properly dismissed Forgues's claims under 15 U.S.C. § 1692e; (2) whether the district court properly concluded that claim preclusion applied to Forgues's Truth In Lending Act ("TILA") rescission claim; (3) whether the district court failed to apply 15 U.S.C. § 1635 according to its terms when it denied Forgues a private right of action based on TILA rescission; (4) whether the district

court properly dismissed Forgues's claim under 15 U.S.C. § 1692g; and (5) whether the district court properly granted summary judgment on Forgues's claim under 15 U.S.C. § 1681s-2(b). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. FACTS AND PROCEDURE

### A. Factual History

Christine J. Forgues and her now deceased husband entered into a mortgage loan for a property at 15109 Merrimeade Drive in Cleveland, Ohio, on March 23, 2007. R. 1 (Compl. at 4) (Page ID #4). Forgues and her husband signed a promissory note. R. 8-1 (Foreclosure Compl. at 10–30) (Page ID #106–126). The mortgage was assigned to Deutsche Bank on May 14, 2010, and the Forgueses eventually defaulted on the terms of the note and mortgage. *Id.* at Page ID #99–106.

According to Forgues, she mailed Chase Bank USA, NA (the then-servicer of the loan) a "TILA Notice of Rescission," evidencing her desire to rescind the loan, on January 7, 2010. R. 1 (Compl. at ¶ 16) (Page ID #4). On March 29, 2012, Deutsche Bank filed a foreclosure action against Forgues (and her deceased husband) in the Cuyahoga County Court of Common Pleas. R. 8-1 (Foreclosure Compl. at 1) (Page ID #97). The state court never received an answer from Forgues, and a default judgment was entered against Forgues on February 12, 2013. R. 8-3 (Order at 1) (Page ID #143). On April 12, 2013, a state-court magistrate found that Forgues owed $142,144.25 plus 9.8% interest from October 1, 2009, and issued a judgment decree in foreclosure. R. 8-4 (Mag. Order at 1–3) (Page ID #144–146). Forgues filed no objections to the

magistrate's order and the order was adopted by the court on May 1, 2013.  R. 8–5 (Foreclosure Entry) (Page ID #157–162).  Forgues never appealed.

On June 1, 2013, SPS became the servicer of Forgues's loan.  R. 1-2 (Compl. at Ex. B) (Page ID #30).  After numerous failed attempts at potential loan modification, SPS received from Forgues "a series of notices purporting to dispute the debt she had previously sought to modify." Appellee Br. at 4.

On June 30, 2015, Forgues filed a motion for relief from judgment in state court on the grounds that her loan and mortgage had been rescinded.  R. 8-7 (Mot. for Relief) (Page ID #181–93).  The state court denied the motion, and the Ohio Court of Appeals for the Eighth District affirmed the judgment.  R. 8-8 (Order) (Page ID #216–20); *Deutsche Bank Nat'l Tr. Co. v. Forgues*, No. 103613, 2016 WL 3571273, at *1 (Ohio Ct. App. June 30, 2016).

**B.  Procedural History**

Forgues filed her two-count Complaint in the instant case on August 19, 2015.  R. 1 (Compl. at 1) (Page ID #1).  Count One alleges six discrete violations of the Fair Debt Collection Practices Act:  (1) that SPS contacted Forgues at times known to be inconvenient to the consumer, in violation of 15 U.S.C. § 1692c; (2) that SPS's conduct toward Forgues was harassing or abusive, in violation of 15 U.S.C. § 1692d(5); (3) that SPS engaged in unfair practices, in violation of 15 U.S.C. § 1692f(1); (4) that SPS failed properly to validate the subject debt, in violation of 15 U.S.C. § 1692g; (5) that SPS furnished certain deceptive forms, in violation of 15 U.S.C. § 1692j(a); and (6) that SPS engaged in false, deceptive, or misleading representations or means in connection with its debt-collection efforts, in violation of 15 U.S.C.

§§ 1692e(2), 1692e(8), and 1692e(10). *Id.* at 15–20 (Page ID #15–20). Count Two alleges two violations of the Fair Credit Reporting Act: (1) that SPS furnished inaccurate and derogatory information to Credit Reporting Agencies ("CRAs") without first providing notice that the information was disputed, in violation of 15 U.S.C. § 1681s-2(a)(1)–(3); and (2) that SPS failed reasonably to investigate disputes regarding SPS's credit reporting, in violation of 15 U.S.C. § 1681s-2(b). *Id.* at 20–24 (Page ID #20–24).

SPS moved to dismiss the Complaint on October 5, 2015. R. 8 (Mot. to Dismiss) (Page ID #72). Forgues filed a brief in opposition, and SPS filed a reply. R. 9 (Br. in Opp.) (Page ID #127); R. 15 (Reply) (Page ID #356). On December 8, 2015, the district court granted in part and denied in part Defendant's motion to dismiss the Complaint. R. 21 (Opinion on Mot. to Dismiss) (Page ID #396). The district court granted the motion on the FDCPA claims under 15 U.S.C. §§ 1692e(2), 1692e(8), and 1692f, and the FCRA claim regarding SPS's alleged failure to report that the debt was disputed. *Id.* The district court further held that claims based on Forgues's alleged 2010 rescission of the loan were barred by the doctrine of res judicata, as the defense of rescission should have been raised during the state-court foreclosure proceedings. *Id.* at 6–8 (Page ID #401–03). Forgues's claims under 15 U.S.C. §§ 1692e(10), 1692g, and 1692j, and the FCRA claim relating to furnishing incorrect credit information were also dismissed as failing to state a claim. The district court denied SPS's motion to dismiss the FDCPA claims under 15 U.S.C. §§ 1692c and 1692d, and the FCRA claim relating to SPS's alleged failure to conduct a reasonable investigation of Forgues's CRAs disputes. *Id.* at Page ID #404–410.

On January 5, 2016, Forgues filed a motion seeking to amend the district court's December 8, 2015 opinion. R. 26 (Mot. to Amend) (Page ID #424). The district court denied the motion but permitted Forgues's newly retained counsel (Forgues was previously unrepresented) to revisit the claim under § 1692e(8). R. 48 (Opinion at 1) (Page ID #862); R. 36 (Opinion at 3–4) (Page ID #486–487). Forgues's new counsel filed a motion to amend the district court's previous order as it related to the § 1692e(8) claim, and the district court once again denied the motion. R. 47 (Mot. to Further Reconsider) (Page ID #774); R. 57 (Mot. to Amend Opinion at 1) (Page ID #1198).

SPS filed a motion for summary judgment on all of Forgues's remaining claims on March 14, 2016. R. 43 (Mot. for S.J.) (Page ID #545). Plaintiff filed an opposition, and SPS filed a reply. R. 49 (Br. in Opp. to S.J.) (Page ID #869); R. 51 (Reply) (Page ID #996). The district court granted summary judgment on all of the remaining claims on April 20, 2016. R. 62 (S.J. Opinion) (Page ID #1215). Forgues timely appealed.

## II. ANALYSIS

### A. Standard of Review

We review a district court's dismissal of a suit for failure to state a claim de novo. *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 407 (6th Cir. 2016). "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint. 'The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.'"

5

*Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

We also review de novo a district court's decision to grant a motion for summary judgment. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016). A district court's grant of summary judgment is upheld "only where no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law." *Id. See* Fed. R. Civ. P. 56(a). We have defined a dispute of material fact as genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The district court, and this Court in its review of the district court, must view the facts and any inferences reasonably drawn from them in the light most favorable to the party against whom judgment was entered." *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 342 (6th Cir. 2005) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). As we have previously noted, "at the summary judgment stage[,] the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Jackson*, 814 F.3d at 775 (quoting *Anderson*, 477 U.S. at 249); *see also Arban v. W. Publ'g Corp.* 345 F.3d 390, 400 (6th Cir. 2003) ("This court does not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury.").

**B. Forgues's Claims Under 15 U.S.C. § 1692e Were Properly Dismissed**

Forgues first argues that the district court improperly dismissed her claims under 15 U.S.C. § 1692e because SPS falsely claimed that Forgues would have been eligible for a "loan modification" and then suggested a "Deed in Lieu of Foreclosure" instead. According to Forgues, SPS did not have the power to communicate those options to Forgues because SPS was neither a lender nor a creditor in relation to her mortgage loan. SPS responds that while the district court never made any findings that SPS was a lender or a creditor, the issue is irrelevant because SPS was in privity with Deutsche Bank for the purposes of the state-court foreclosure judgment.

Under the FDCPA, debt collectors are prohibited "from the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quoting 15 U.S.C. § 1692e). In order for a statement to violate the FDCPA, the statement must be "a *materially* false or misleading statement." *Duffey v. Nationstar Mortg.*, 614 F. App'x 330, 334 (6th Cir. 2015). We apply the "least sophisticated consumer" test to determine whether the defendant's actions were misleading. *Wallace*, 683 F.3d at 326. "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated customer." *Id.* at 326–27.

Forgues believes that SPS's offer of a potential loan modification followed by the offer of a deed in lieu of foreclosure constituted false, deceptive, or misleading means of collecting or attempting to collect a debt. The district court concluded that "SPS is within its rights as a

mortgage servicer to offer loan modifications and other alternatives to foreclosure." R. 21 (Opinion at 11) (Page ID #406). We agree with the district court. It is perfectly proper for a mortgage servicer during the process of servicing a mortgage to offer a consumer options for loss mitigation. Nothing about SPS's statements to Forgues related to potential loan modification was materially false or misleading such that the statements would mislead or confuse the reasonable unsophisticated consumer. Neither party has pointed us to any case that dictates otherwise. Therefore, we conclude that the district court correctly dismissed Forgues's claim under § 1692e(10).

## C. Res Judicata Applies to Forgues's TILA Rescission Claim

Forgues next claims that the district court erred in applying res judicata to her claims based on her alleged 2010 TILA rescission letter. The district court dismissed Forgues's FDCPA claims under 15 U.S.C. §§ 1692e(2), 1692f, and 1692e(8), and her FCRA claim under 15 U.S.C. § 1681s-2(b), pursuant to the doctrine of res judicata. Each of these claims related to an allegation that Forgues had rescinded her mortgage loan in 2010, and that any debt-collection activity by SPS was in relation to a loan that no longer existed. According to the district court:

> Plaintiff's arguments as to rescission of her mortgage are barred by claim preclusion. The state foreclosure proceeding default judgment is a final decision on the merits of the foreclosure case. The foreclosure litigation involved the same parties as in this litigation. The question of rescission could have been raised as a defense to the foreclosure action. Indeed, in moving to vacate the default judgment, Plaintiff did argue that the mortgage had been rescinded. Nevertheless, that motion was denied and the default judgment stands, precluding this court from relitigating the question of whether the 2010 letter rescinded the mortgage.

R. 21 (Opinion) (Page ID #401–402) (footnotes omitted).

"Under Ohio law, the doctrine of res judicata consists of the two related concepts of claim preclusion . . . and issue preclusion." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (internal quotation marks omitted). Claim preclusion, which SPS asserts in this case, means that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). A federal court conducting a claim-preclusion analysis "must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). Changes in the law do not necessarily eliminate the preclusive effect of a prior decision. *Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 438–39 (6th Cir. 1981).

Forgues argues that these claims are not barred by res judicata because "SPS is a debt collector falsely passing itself off as a creditor attempting to collect a debt for a person (presently Deutsche Bank) that is not 'the creditor' under the FDCPA." Appellant Br. at 11. Forgues further argues that "the District court improperly treated Deutsche Bank as a judgment-creditor, and erroneously put Defendant SPS in a creditor's shoes as its privy, for the purposes of res judicata." *Id.* at 12. SPS argues in response that Forgues never alleged in her Complaint that Deutsche Bank was a debt collector, and that the district court made no findings as to whether Deutsche Bank was or was not a debt collector. Appellee Br. at 12. "Regardless, this issue is irrelevant because the District Court did not premise the preclusive effect of the judgment on a finding that Deutsche Bank and/or SPS were not debt collectors." *Id.* Regarding whether SPS is

in privity with Deutsche Bank, Appellee notes that "SPS would have been bound by the state court judgment if it had been in Forgues' favor. This is all that is required to establish privity for purposes of res judicata under Ohio law." *Id.* at 13.

We affirm the district court's conclusion that res judicata bars consideration of any claims arising from the alleged 2010 rescission.[1] The state court decided the foreclosure action on the merits, both actions involve the same parties or their privies, and the question of rescission is an affirmative defense or counterclaim that could have been raised in the initial state-court proceeding. Forgues never appeared in the initial state-court foreclosure action, and she never appealed the default judgment that was entered against her. Forgues raised her alleged 2010 rescission in her state-court Rule 60(B) motion. The motion was denied and the Ohio Court of Appeals affirmed. SPS is also correct that Forgues's Complaint fails to allege a lack of privity between Deutsche Bank and SPS, and the district court's finding of privity was appropriate. We hold only that in this particular case, and on these specific facts, the doctrine of res judicata bars consideration of any claims that are based on Forgues's alleged 2010 mortgage rescission.

Forgues makes two additional arguments in opposition to the application of res judicata: (1) that state-court judgments "must yield" to the FDCPA, and (2) that the district court misinterpreted the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). We dispense with Forgues's argument that state-court judgments

---

[1] The district court concluded that Forgues's TILA rescission claims are barred by claim preclusion. R. 21 (Mot. to Dismiss Opinion at 6) (Page ID #401).

must yield to the FDCPA because it merely restates her previous arguments about whether Deutsche Bank is a debt collector and whether the bank and SPS are in privity.

In *Jesinoski v. Countrywide Home Loans, Inc.*, the Supreme Court held that TILA requires only written notice, and not the filing of an actual lawsuit, within the three-year period for exercising the right of rescission. *Id.* Forgues argues that she sent the required notice of her intent to rescind her mortgage to Chase on January 7, 2010, within the three-year window. The district court disagreed, concluding that "Plaintiff has not alleged that any TILA disclosures were missing when the Forgueses closed the mortgage. If there were no missing TILA disclosures, then Plaintiff and her late husband only had three days—not three years—to send a notice of rescission." R. 21 (Mot. to Dismiss Op.) (Page ID #402).[2] We conclude that the district court was correct in finding that Forgues failed to plead facts sufficient to state a lack of TILA disclosures, thus providing her with only three days within which to send a notice of rescission. We therefore conclude that *Jesinoski* does not apply to alter the preclusive effect of the state-court foreclosure judgment. Accordingly, the district court correctly dismissed Forgues's claims that arise from her alleged 2010 rescission.

---

[2]Although the parties have not raised issue preclusion as a bar to any of Forgues's claims, we would be remiss to ignore the Ohio Eighth District Court of Appeals's careful conclusions that "Forgues has failed to allege, much less demonstrate, that the bank failed to provide her with the necessary notifications to entitle her to the three-year period" and that "she only had three days within which to unilaterally rescind her mortgage under the Truth in Lending Act." *Deutsche Bank Nat'l Trust Co.*, 2016 WL 3571273, at *2–3. The Ohio Court of Appeals also concluded that "Forgues cannot rely on *Jesinoski* as a basis to collaterally attack the final foreclosure judgment entered against her." *Id.* at *1.

11

**D. The District Court Correctly Dismissed Forgues's Claims Under 15 U.S.C. § 1692e(8)**

Forgues argues that the district court improperly dismissed as meritless her claims arising under 15 U.S.C. § 1692e(8). We disagree with Forgues's characterization of the district court's dismissal of these claims. The district court dismissed Forgues's claims under § 1692e(8) as barred by res judicata because they were based on Forgues's alleged 2010 mortgage-loan rescission and noted that even if res judicata did not apply, those claims would still be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Forgues failed to plead facts sufficient to sustain an allegation that her 2010 letter could have acted as a rescission. R. 21 (Opinion at 5) (Page ID #400). These claims are therefore subject to res judicata and the district court's dismissal was proper.

**E. The District Court Properly Dismissed Forgues's Claim Under 15 U.S.C. § 1692g**

Forgues next argues that the district court improperly dismissed her claim under 15 U.S.C. § 1692g that SPS failed properly to validate her debt after being notified by Forgues that the debt was disputed. Forgues believes that SPS "misallocated the burden to Plaintiff (1) to have alleged that the initial communications from SPS failed to give notice of the 30-day requirement, and (2) to have shown that the 30-day window can be tolled for this length of time." Appellant Br. at 23. SPS argues that "Forgues'[s] Complaint simply did not allege that SPS failed to provide the notice required under § 1692g or that Forgues submitted her notices of dispute within the 30-day statutory time limit. It was Forgues' burden to allege facts which could plausibly support a claim that a violation of § 1692g occurred, and she failed to do so." Appellee Br. at 19–20. SPS further notes that Forgues's only pleaded violations were that SPS

serviced the loan as of June 2013 "and that Forgues began sending notices of dispute in March of 2015, nearly two years later. Assuming these facts to be true, . . . Forgues did not plausibly plead the elements of a claim that SPS failed to respond to a timely dispute of the debt under § 1692g." *Id*. at 20.

Section 1692g requires that a debt collector's initial communication with a consumer state that, inter alia, the consumer has a thirty-day period in which to request validation of the debt. If the consumer informs the debt collector in writing that any portion of the debt is disputed within the thirty-day period, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . . ." 15 U.S.C. § 1692g(b).

Forgues pleaded that SPS became the loan servicer in June 2013 and that she began sending dispute notices in March 2015, well outside the thirty-day window. We find no reason to excuse Forgues's failure plausibly to plead a violation of § 1692(g) and therefore affirm the district court's conclusion that "Plaintiff's requests seeking validation are well outside of the thirty-day window and are no longer viable." R. 21 (Opinion at 11) (Page ID #406).

**F. Summary Judgment on Forgues's Claim Under 15 U.S.C. § 1681s-2(b) Was Proper**

Forgues's fifth and final argument is that the district court's grant of summary judgment to SPS on her FCRA claim arising under 15 U.S.C. § 1681s-2(b) was improper. Forgues argues that SPS conducted an unreasonable investigation into a notice of dispute that was received from a credit-reporting agency and that "[t]he district court erred where it disregarded the facts and the law asserted in the record that the statutory term 'account' is tied to whether or not SPS had a

'permissible purpose' to request Ms. Forgues' credit reports." Appellant Br. at 24–25. SPS responds that "Forgues contends that her mortgage loan is not a bank account, and thus did not fall within [the 15 U.S.C. § 1693a(2) definition], so SPS's investigation was inherently unreasonable because it failed to recognize that Forgues had no 'account' on which SPS could report. Forgues' convoluted argument on this point is inconsistent with the FCRA . . . ." Appellee Br. at 21.

> Pursuant to § 1681s-2(b)(1), after receiving a notice of dispute, a furnisher must:
>
> **(A)**  conduct an investigation with respect to the disputed information;
>
> **(B)**  review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> **(C)**  report the results of the investigation to the consumer reporting agency;
>
> **(D)**  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> **(E)**  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
>> **(i)**  modify that item of information;
>> **(ii)**  delete that item of information; or
>> **(iii)**  permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).  An investigation by a furnisher must be reasonable.  *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012).  "[H]ow thorough an investigation must be to

be 'reasonable' turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute." *Id.* at 617.

The district court concluded that the record lacked "any evidence that Defendant's investigation was anything other than reasonable under the circumstances," and that "Plaintiff has no grounds for relief under Section 1681s-2(b)." R. 62 (S.J. Opinion at 17) (Page ID #1231). In this appeal, Forgues does not actually dispute the underlying investigation conducted by SPS, but instead rests on her argument that she never had an "account" with SPS as defined under the FCRA.[3] The two main cases Forgues cites, *Bersaw v. Northland Group, Inc.*, No 14-cv-128-JL, 2015 WL 1097402, at *3 (D.N.H. Mar. 11, 2015), and *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007), were decided on other issues, and *Pintos* has been abrogated and superseded in pertinent part. *See Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106 (9th Cir. 2009). In response, SPS directs us to a number of district-court cases that have applied the same logic that the district court applied in this case. Appellee Br. at 22–24; *See, e.g., Valle v. RJM Acquisitions, LLC*, No. 3:12-CV-00957, 2015 WL 739855, at *3 (D. Conn. Feb. 19, 2015) (rejecting an argument that a student loan was not an "account" under the FCRA and concluding

---

[3]Forgues urges us to rely on the definition of "account" in 15 U.S.C. § 1681a(r)(4), which incorporates by reference the definition of account in § 1693a of the Electronic Funds Transfer Act ("EFTA"). Under the EFTA, an "account" is

> [A] demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

15 U.S.C. § 1693a(2).

that a debt collector could obtain a consumer credit report in order to collect the outstanding debt).

We agree with the district court that Forgues's "arguments stem from the mistaken belief that use of the word account in *any* documents related to a credit report is necessarily the same as the statutory definition of 'account' in the Fair Credit Reporting Act." R. 62 (S.J. Opinion at 16) (Page ID #1230). Forgues is incorrect that, because a mortgage is not defined as an "account" for the purposes of the FCRA, SPS was not permitted to access her credit reports or provide credit-reporting agencies any information about her mortgage. As the district court correctly concluded when it first addressed this issue on Forgues's motion to amend, "[t]here is no affirmative requirement that credit reports only include 'accounts' as defined in the statute. Indeed, such a restriction would be nonsensical, as it would exclude standard lines of credit from credit reports." R. 57 (Mot. to Amend Opinion at 4 n.16) (Page ID #1201). Forgues's argument about the definition of "account" misses the mark. SPS was never required to investigate whether Forgues's mortgage was an account under the FCRA. Instead, SPS was required to conduct a reasonable investigation into Forgues's disputed debt. Whether Forgues's mortgage loan is defined as an "account" under the FCRA has no bearing on the reasonableness of SPS's investigation into her disputed debt. Because SPS has provided unrebutted evidence that its investigation into Forgues's disputed debt was reasonable, the district court correctly concluded that SPS is entitled to judgment as a matter of law. We therefore affirm the district court's grant of summary judgment on this FCRA claim.

## III.  CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.